IVAN MOORE AND WIFE *v.* F. S. MILLER.

[Abstract Kentucky Law Reporter, Vol. 1—322.]

**Duress in Execution of Mortgage.**

It does not constitute duress where, at the time that the wife acknowledges a mortgage before the clerk of the court, the officer stated to her that in case of the death of her husband the mortgage would secure the payment of the debt due the mortgagee, and that such mortgagee would enter suit unless the mortgage was signed. Such statement does not destroy the force of the clerk's certificate that her acknowledgement was made voluntarily before him.

**Interest on Note Due One Day After Date.**

Where a note is drawn one day after date with 10 per cent. interest from date, it will be held that the parties intended to contract for that rate from date until paid, there being no appreciable time between the date of the note and the time it becomes due.

APPEAL FROM ESTILL CIRCUIT COURT.

October 9, 1880.

OPINION BY JUDGE HARGIS:

The mortgage purports to grant the whole estate of Moore and wife in the land conveyed by it. The acknowledgment of the wife

was not procured by duress, but, as she states, by her voluntary act. The statement made to her by the clerk at the time she directed him to sign the mortgage for her, that in the case of the death of her husband it would secure Miller's debt, for which he would sue him unless the mortgage was signed, and that if she did not want to sign it she need not sign it, is not sufficient to destroy the force of the clerk's certificate that her acknowledgment was made in due form.

The mortgage included the right of homestead, and was properly signed and acknowledged. This mortgage was given to secure the sum of, a note which was given in renewal of notes executed and owing by Moore for the purchase money for the identical tract of land conveyed to Miller by the mortgage, and until the purchase money shall be paid for the land no homestead exemption can be interposed as a bar to an enforcement of its collection.

It is true that the excess of interest over 6 per cent. secured by the mortgage is not purchase money, but as there is no defect in the mortgage it secures that part of the interest. The note was drawn one day after date with 10 per cent. interest from date. The proper construction to be placed upon these words is that the parties intended by them to contract for that rate of interest "until paid." There is no appreciable time between the date of the note and the time it becomes due, and the parties surely did not mean to contract for 10 per cent. during one day and then for 6 per cent. thereafter. This construction would contravene by common sense the evident intention of the parties and overturn a former adjudication of this court.

Perceiving no error in the judgment, it is *affirmed.*

*J. B. White,* for appellants.   *I. N. Cardwell,* for appellee.

[Cited, *Hensley v. Webb,* 31 Ky. L. 87, 101 S. W. 375.]